

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00178-CR

GREGORY SHAWN HENLEY                                           APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
TRIAL COURT NO. 1277030

----------

## CONCURRING OPINION

----------

I cannot agree that the standard of review of the trial court's refusal to admit the evidence supporting Appellant's justification defense is "abuse of discretion." I believe that whether the evidence was sufficient to raise an issue as to each element of the defense was a question of law. Viewed under the proper standard, I nevertheless agree with the majority that the trial court erred in excluding the evidence and in precluding Appellant from presenting his defense

as well as violating Appellant's right to cross examine and confront the witnesses against him, requiring that we reverse the trial court's judgment and remand this cause to the trial court.

In refusing to admit the evidence supporting Appellant's defense of justification for his actions, the trial court concluded, as argued by the State, that there was "no evidence" of any new incident of physical choking of one of the children by Douglas, Brandy's fiancé, or sexual abuse by his ex-stepson, and thus, no evidence of an immediate necessity for Appellant to intervene to protect the children. The trial court opined that the alleged choking and sexual abuse had occurred over a year before, and that those events as well as the counseling session the previous week—in which Brandy's knowledge of the abuse as well as more graphic details of it were revealed to Appellant by their younger son for the first time—were all too remote in time to create any reasonable belief of immediate danger to the children to justify Appellant's conduct on their behalf.

This was not Appellant's argument. The immediate danger, as testified by Appellant in his bill of exceptions, was not the past events. They were, however, relevant, and the evidence of them should have been admitted as probative of Appellant's fear of an apparent, immediate danger from Appellant's standpoint at the time of the offense. When considering whether a defendant acted in self-defense (or in defense of a third party), the reasonableness of the defendant's actions must be viewed solely from the defendant's viewpoint. *Bennett v. State*, 726 S.W.2d 32, 37–38 (Tex. Crim. App. 1986) (holding reasonableness of

2

defendant's fear must be judged from the standpoint of the accused at the moment of the attack); *Johnson v. State*, 271 S.W.3d 359, 365–66 (Tex. App.—Beaumont 2008, pet. ref'd) (holding evidence from friends of defendant who had witnessed past acts of violence and verbal abuse directed toward her by deceased was evidence establishing defendant's "fear" of apparent danger at the time of stabbing).

As the court of criminal appeals pointed out in *Fielder v. State*, evidence of past violent acts against the defendant is an established method of proof in self-defense cases, because the law recognizes the fact that future conduct may be reasonably inferred from past conduct. 756 S.W.2d 309, 319–20 (Tex. Crim. App. 1988) (citing *Horbach v. State*, 43 Tex. 242, 251–52 (1875)); *cf. Thompson v. State*, 659 S.W.2d 649, 653 (Tex. Crim. App. 1983) (holding when self-defense is raised, "the deceased's reputation for violence and commission of prior specific acts of violence [against third parties] *which are known to the defendant* are probative of whether the defendant reasonably believed the force he used was immediately necessary to protect [them]").

Moreover, a person has the right to defend himself from "apparent danger" to the same extent as he would if the danger were real. *Johnson*, 271 S.W.3d at 365. The same evidence is probative of whether a defendant's belief is reasonable that force is immediately necessary in defense of a third party such as Appellant's children. Tex. Penal Code Ann. § 9.33 (West 2011). The danger Appellant testified that he believed rendered intervention immediately necessary

3

was that, unless he stopped Brandy, the children would again be exposed to harm by Brandy's fiancé and his ex-stepson, despite the divorce court's order prohibiting contact with them and despite the court-ordered supervision of Brandy's visitation with the children, because Brandy had allowed the boys to be around her fiancé and his ex-stepson in violation of the divorce court's order, had failed to supervise them when they were, and had continued her relationship with him even after the abuse became known. The situation—as well as the danger—was ongoing. The boys were sitting in Brandy's vehicle, and she was refusing to listen to Appellant's concerns and was about to drive away with them. The issue is whether Appellant's belief was reasonable at that time that his intervention was immediately necessary to attempt to protect the children from exposure to harm from Brandy's fiancé or his ex-stepson.

As the majority opinion points out, Appellant testified in his bill that, when Brandy came to pick up the children, he believed she was going to violate the family court's order not to allow contact of the children with Douglas or his ex-stepson. Brandy admitted she had previously violated the family court's order and had lied to that court that she was no longer living with Douglas when she was. Moreover, Brandy admitted she had planned to marry Douglas that very weekend and did so. According to Appellant's testimony, Brandy had denied the boys' allegations of choking by Douglas and dismissed the evidence of sexual abuse. The younger son had, at the most recent counseling session, corroborated his brother's statements for the first time that he had told Brandy of

4

the choking and sexual abuse but that she had sat in another room watching television while the abuse occurred. It is undisputed that both she and her mother refused to discuss Appellant's fear and concern about the boys when they came to pick them up.

Brandy, herself, succinctly described Appellant's state of mind at the time of the offense, acknowledging (in her testimony on Appellant's bill of exceptions) that Appellant's "assumption" was that the boys were not safe going with her. She disagreed with Appellant's assumption the boys were in danger and maintained the children were safe with her, but it matters not whether the boys were, in fact, in danger from Douglas or his ex-stepson when Brandy and her mother drove off with them. According to Appellant, he believed they were, and he had a right to defend the children from apparent danger as fully and to the same extent as he would had the danger been real, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time. *See Johnson*, 271 S.W.3d at 365–66.

The court of criminal appeals has made clear that a defendant has the burden of production of some evidence on each element of a justification defense, holding that a defense is raised "if there is some evidence, from any source, on each element of the defense that, *if believed by the jury*, would support a rational inference that that element is true." *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007) (emphasis added), *cert. denied*, 553 U.S. 1059 (2008). The trial court does not weigh the evidence or determine the

5

credibility of the witnesses, including the credibility of the defendant, but must assume the credibility of evidence supporting the defense. *Shaw v. State*, 181 S.W.3d 450, 452 (Tex. App.—Waco 2005), *aff'd*, 243 S.W.3d at 660.

On appeal, we review the issue of whether a defense of justification is raised by the evidence de novo as a question of law. *Shaw*, 243 S.W.3d at 658; *Shaw*, 181 S.W.3d at 452. Neither at this stage nor at the stage of submission to the jury do we apply the usual rule of appellate deference to the trial court's ruling. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006); *Johnson*, 271 S.W.3d at 367. On de novo review, we afford no deference to the trial court's determination and consider the matter as if we were the court of first instance. *See Tucker v. State*, 369 S.W.3d 179, 187 (Tex. Crim. App. 2012) (Alcala, J., concurring). As does the trial court, we view the evidence relied on by the defendant to raise the defense in the light most favorable to the defendant. *See Bufkin*, 207 S.W.3d at 782; *Johnson*, 271 S.W.3d at 366, 367.

It appears that the trial court here, despite its care in listening to the arguments of Appellant and the testimony offered by Appellant's bill of exceptions (including questioning by the court), did not credit Appellant's testimony and did not view the evidence in the light most favorable to Appellant but, instead, weighed the credibility of Appellant's proffered testimony, itself, and concluded that it was simply not credible that there was any immediate danger to the children and no reasonable basis for Appellant to believe that there was.

In essence, by excluding Appellant's evidence, the trial court granted a directed verdict against Appellant on his justification defense. If each element of a defense is raised by some evidence, the defendant is entitled to an instruction to the jury on that defense, regardless of whether the evidence supporting the defense is strong, weak, feeble, impeached or contradicted, and even if the trial court is of the opinion that the testimony raising the defense is not credible. *Shaw*, 243 S.W.3d at 657–58 (citing Tex. Penal Code Ann. § 2.03 (West 2011)); *see Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). The defendant's burden of production includes presenting some evidence that he "reasonably" believed his conduct was immediately necessary to avoid unlawful force to himself or third parties. *Shaw*, 243 S.W.3d at 657. The evidence detailed in Appellant's bill regarding the prior conduct of Brandy, her fiancé, and his ex-stepson was some evidence to support the reasonableness of Appellant's belief in that regard, and whether Appellant's belief was "reasonable" was for the jury and not the trial court to decide. *See Juarez v. State*, 308 S.W.3d 398, 405 (Tex. Crim. App. 2010) (both admitting and denying requisite mental state entitled defendant to instruction on the necessity defense; was jury's province to resolve factual issue).

Viewing the testimony excluded by the trial court in the light most favorable to Appellant, and assuming the credibility of the evidence supporting his defense, I would conclude that Appellant proffered some evidence, more than a scintilla, raising an issue of fact on each element of the defense of justification, and that

7

the trial court thus erred in excluding it. Appellant admitted the elements of the offense and, as pointed out by the majority, without his evidence of justification, there was no dispute left for the jury to resolve. The State exacerbated the trial court's error by emphasizing in its closing argument that Appellant had "no excuse," which, of course, was only true after the State had convinced the trial court to exclude Appellant's evidence of justification. I agree that Appellant was entitled to have his defense heard and submitted to the jury.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PUBLISH

DELIVERED: December 18, 2014